Caldwell, J.
If there were but the two mortgages on the property, Wilson’s and Green’s, Green would without doubt be entitled to the relief which he claims. In Story’s Equity, vol. 1, sec. 633, the rule on the subject of marshaling securities is stated thus: “ The general principle is, that if one party has a lien on, or interest in two funds for a debt, and another party has a lien on, or interest in one only of the funds for another debt; the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both the parties.”
In this case, however, there are three parties interested. If Green should compel Wilson to exhaust lot 39 before he comes on lot 14, then Green will have the benefit of the fund arising from lot 39; although he took no security on it. But Sillier by this arrangement will be deprived entirely of his security on lot 39, although he took a mortgage on it. We think the rule cannot be applied in a case of this kind. The principle is one established for the purpose of securing to parties the rights to which, upon the principles of natural justice, they are entitled. To deprive Sillier of his security in this way, would be manifestly unjust. When Green took his mortgage he had notice of the mortgage of Wilson, on lot 14. When Sillier took his mortgage on lot 39, he had notice only of the lien of Wilson, which was all the incumbrance on it. There was nothing connected with Wilson’s lien, that was even calculated to put him. on inquiry in reference to Wilson’s mortgage on lot 14, because Wilson’s liens on these two lots were created by separate *430 instruments. But if Wilson’s lien on the two lots had been created by a single mortgage, Hillier was not bound to notice the situation of lot 14, having nothing to do with it. We think then that justice between Hillier and Green requires that each should have the full benefit of his mortgage, and this can only be done by requiring Wilson to take his debt out of the proceeds of both lots proportioned to the amount that each lot may produce. The decree will be so entered.